# THE UNITED STATES DISTRICT COURT FOR THE
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ASHH, INC., D/B/A OOZE WHOLESALE, | § § § | |
| Plaintiff | § | Case No. _____ |
| v. | § § | (Jury Demand) |
| URZ TRENDZ LLC, | § | |
| Defendant | § | |

## COMPLAINT

NOW COMES Plaintiff ASHH, Inc., d/b/a Ooze Wholesale ("Ooze"), by and through its undersigned counsel, and for its Complaint against Defendant URZ Trendz LLC ("Defendant"), states as follows:

## PARTIES

1. Ooze is a Michigan corporation with its principal place of business located at 13231 Northend Avenue, Oak Park, Michigan 48237.

2. Defendant is a limited liability company organized under the laws of Texas with its principal place of business at 7400 Harwin Drive, Suite 168, Houston, Texas 77036. Defendant can be served through its registered agent, Muhammad U. Ghafoor, at 7400 Harwin Drive, Suite 168, Houston, Texas 77036.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over the claims in this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338 in that this case arises under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*

1

4. This Court has personal jurisdiction over the Defendant because it is a company organized under the laws of Texas with its principal place of business in Houston, Texas.

5. Venue is appropriate in this Court under 28 U.S.C. § 1391 because a substantial part of the events giving rise to Ooze's claims occurred in this District and because Defendant is subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

6. Ooze is a distributor of smoking accessory products throughout the United States.

7. Ooze's flagship brand is OOZE, which is the brand name of one of the best-selling vaporizer batteries worldwide. Authentic OOZE brand vaporizer batteries are highly regarded for their quality, and Ooze takes great care to assure the quality and consistency of its products.

8. Among other registrations, Ooze is the owner of the following U.S. Trademark Registration (the "OOZE Trademark"): U.S. Reg. No. 6,011,259, registered March 17, 2020, for the standard character mark TWIST in connection with "batteries; battery chargers" in International Class 9, and first used in commerce in April of 2015.

9. A true and correct copy of the registration certificate for the OOZE Trademark is attached as Exhibit A.

10. The OOZE Trademark is used extensively throughout the United States on vaporizer pen batteries and battery chargers, including in the State of Texas.

11. Ooze has established valuable and enforceable rights in its trademarks through *bona fide* and continuous use of its marks in commerce and related advertising.

12. The OOZE Trademark symbolizes the goodwill of Ooze and is an intangible asset of substantial commercial value. The mark is inherently strong as a result of Ooze's extensive sales, advertising, and promotional efforts.

13. Ooze has spent considerable sums establishing the OOZE Trademark in the minds of its consumers and public and has established itself as a source of high-quality smoking accessories and products.

14. In addition to the OOZE Trademark, Ooze has created, manufactured, and sold products containing distinctive Ooze marks, designs, and branding, including Ooze's signature drip marks (collectively the "OOZE Trade Dress"). Relevant examples are included below:






15. The OOZE Trade Dress was adopted to create recognizable indicia that Ooze is the source of the product.

66299\429880\263994902.v3

16.     The OOZE Trade Dress is inherently distinctive and non-functional, including in some instances strong, well-recognized, and valid trademarks. It represents the source of Ooze's products sold in association therewith, and a substantial goodwill of Ooze throughout the United States, including the State of Texas.

17.     Collectively, the OOZE Trademark and the OOZE Trade Dress make up the "OOZE IP".

18.     The OOZE IP has come to identify Ooze's goods and distinguish them from the goods of others.

19.     Upon information and belief, Defendant is responsible for manufacturing, distributing, and/or selling vaporizer products and accessories through interstate commerce in packaging that infringes upon the OOZE IP (the "Accused Product").

20.     As discovered at a recent tradeshow, Defendant is presently marketing, selling, and soliciting sales for the Accused Product.

21.      As shown below, the Accused Product, which were placed on display at a recent trade show, demonstrate that the packaging of Defendant's Accused Product was intentionally designed to mimic the OOZE Trademark and the OOZE Trade Dress to thus benefit from Ooze's goodwill and reputation:



22. As the above image reflects, Defendant is selling and distributing the Accused Product, which intentionally mimics the distinctive design, logo, trademarks and trade dress of Ooze. In relevant part, Defendant's Accused Product utilizes: (1) the mark "TWIST", which is identical to the OOZE Trademark and (2) the line of drips, which is confusingly similar to the OOZE Trade Dress.

23. Defendant's Accused Product creates a likelihood of confusion with consumers, including by:

    a. Using the OOZE IP in the same channels of trade, including marketing and selling the Accused Product at vaporizer trade shows, in brick-and-mortar wholesale establishments, and online;

5

      b.      Using marks that are likely to cause confusion as to the source of the goods;

      c.      Using similar marks to market and sell goods that are highly similar and related;

      d.      Selling and soliciting sales at tradeshows in the same market as Ooze for vaporizer pens and batteries;

      e.      Using packaging that displays similar branding and products, including but not limited to the signature Ooze drip marks and TWIST trademark.

24. By offering the Accused Product in the market place using an identical mark and packaging confusingly-similar to the authentic OOZE brand packaging, Defendant has misled the public into believing that the Accused Product is from the same source or origin as, or affiliated with, or approved by, Ooze.

25. Ooze has not authorized Defendant's use of the OOZE IP.

26. Defendant offers and sells the Accused Product within the exact class under which Ooze has valid, federal trademark protection, namely International Class 9 (batteries and chargers for electronic cigarettes).

27. Ooze reasonably fears that this confusion will quickly destroy Ooze's reputation for quality and will further deplete the OOZE brand product value, the OOZE IP value, and the goodwill that Ooze has cultivated amongst its customers.

28. Ooze has been and continues to suffer substantial damages resulting from Defendant's infringement as alleged herein.

29. Ooze's damages, at least in part, cannot be adequately measured or fully remedied by monetary damages.

30. Defendant is well aware of the goodwill and market value of the OOZE IP, as it markets its own deceptively similar Accused Product to improperly capitalize upon that goodwill.

31. Defendant's willful and intentional misconduct, described above, is depriving Ooze of the absolute right to control the quality of OOZE brand products, including those sold using the OOZE Trademark and/or the OOZE Trade Dress.

32. Further, consumers deceived by Defendant's Accused Product will purchase Defendant's products instead of Ooze's authentic products.

33. As a direct and proximate result of Defendant's actions, Ooze has suffered irreparable harm, and unless Defendant's conduct is enjoined by this Court, Ooze will continue to suffer actual economic damages in the form of lost sales, revenues, and profits, as well as immediate and irreparable harm for which it has no adequate remedy at law.

34. All conditions precedent to this action have been satisfied, waived, excused, or performance would be futile.

### **COUNT I – FEDERAL TRADEMARK INFRINGEMENT**
### **(15 U.S.C. § 1114)**

35. Ooze realleges all the foregoing paragraphs as if same were fully set forth herein.

36. Ooze owns valid and enforceable rights in the OOZE Trademark in connection with all of the goods at issue in this case by virtue of its extensive use,

promotion, and advertisement of the marks in interstate commerce, as well as its federally registered trademarks, and it has possessed such rights at all times material hereto.

37. Defendant has actual and constructive notice of Ooze's federal trademark rights, and it has adopted and used a trademark that is confusingly similar to the OOZE Trademark in conjunction with the distribution, offer of sale, and sale of vaporizer batteries, vaporizer products, and/or other accessories or products in interstate commerce.

38. Defendant has no right or authority to distribute, sell, or otherwise offer in commerce any products bearing the OOZE Trademark.

39. Defendant has continued to sell and otherwise offer in commerce goods and packaging using a trademark confusingly similar to the OOZE Trademark, said trademark bearing on and mimicking the OOZE Trademark, and Defendant may continue doing so despite its violations of law.

40. Defendant's use of the OOZE Trademark without the authorization of Ooze has caused, and will continue to cause, a likelihood of confusion among consumers and potential consumers as to the source or origin of Defendant's products and the sponsorship or endorsement of those goods by Ooze.

41. Defendant's actions constitute willful, knowing, and intentional infringement of the OOZE Trademark under 15 U.S.C. § 1114.

42. As a direct and proximate result of Defendant's willful misconduct, Ooze has suffered irreparable harm to the value and goodwill associated with the OOZE Trademark and its reputation in the industry.

43. Unless Defendant is restrained from further infringement of the OOZE Trademark, Ooze will continue to be irreparably harmed.

44. Ooze has no adequate remedy at law that will compensate for the continued, irreparable harm that it will suffer if Defendant's willful misconduct is allowed to continue.

45. As a direct and proximate result of Defendant's willful misconduct, Ooze has suffered damages to the valuable OOZE Trademark and other damages in an amount to be proved at trial.

46. All of Defendant's infringing activities have been performed through use in interstate commerce.

47. Given all of the foregoing, this is an exceptional case under 15 U.S.C. § 1117(a).

## COUNT II – FEDERAL UNFAIR COMPETITION
### (15 U.S.C. § 1125(a))

48. Ooze realleges all the foregoing paragraphs as if same were fully set forth herein.

49. Ooze is the owner of the OOZE Trade Dress, which is inherently distinctive, non-functional, and identifies products bearing the OOZE Trade Dress, including products distributed and sold to consumers in the State of Texas, with Ooze.

50. Through its unauthorized use of the OOZE Trade Dress, and in violation of 15 U.S.C. § 1125(a), Defendant has used and uses in commerce a slogan, trade dress, word, term, name, symbol, or device, or any combination thereof, or a false designation of origin, false or misleading description of fact, or false or misleading representation of

fact, which was or is likely to cause confusion or to cause mistake, or to deceive as to an affiliation, connection, or association with Ooze.

51. Defendant's conduct has been designed to unfairly compete with Ooze by latching onto the goodwill of the Ooze brand by creating false and misleading associations.

52. Defendant has also engaged in commercial advertising and promotions that misrepresent the nature, characteristics, and qualities of its products by improperly associating its products with Ooze's goods and commercial activities, through the use of elements of the OOZE Trade Dress.

53. As a direct and proximate result of Defendant's willful misconduct, Ooze has suffered and continues to suffer irreparable harm to the value and goodwill associated with the OOZE Trade Dress and Ooze's reputation as a distributor of high-quality products.

54. There is no adequate remedy at law to fully compensate Ooze and make it whole for damages that have been caused by Defendant's unlawful acts and any subsequent and additional unfair competition by Defendant, unless future unlawful acts and unfair competition of this nature are permanently enjoined by this Court.

55. All of Defendant's improper activities have been performed through use in interstate commerce.

56. Given all the foregoing, this is an exceptional case under 15 U.S.C. § 1117.

## COUNT III – TEXAS COMMON LAW UNFAIR COMPETITION

57. Ooze realleges all the foregoing paragraphs as if same were fully set forth herein.

58. Ooze is the owner of the OOZE Trade Dress, which is inherently distinctive, non-functional, and identifies products bearing the OOZE Trade Dress, including products distributed and sold to consumers in the State of Texas, with Ooze.

59. Without Ooze's authorization, consent, and without any license whatsoever from Ooze, Defendant has used (and continues to use) trade dress confusingly similar to the OOZE Trade Dress in order to promote its own products, to sell its own products, and to improperly create an association between Ooze and Defendant.

60. Defendant's conduct as alleged in this action, including its misappropriation of the OOZE Trade Dress constitutes infringement, misappropriation, and misuse of the OOZE Trade Dress, resulting in Defendant's unjust enrichment and violation of Ooze's rights under Texas common law.

61. Defendant has engaged in this conduct knowingly, willfully, and in bad faith, justifying the assessment of increased, exemplary, and/or punitive damages against Defendant.

62. Defendant's unlawful and willful conduct has caused and is causing harm to Ooze's reputation and goodwill of the OOZE Trade Dress.

63. Defendant's conduct has caused and will continue to cause great and irreparable injury to Ooze.

64. Unless and until Defendants' such conduct is restrained by the Court, it will continue to cause Ooze great and irreparable injury.

65. There is no adequate remedy at law to fully compensate Ooze and make it whole for the damages that have been caused by Defendant's unlawful acts and any

subsequent and additional infringement of OOZE IP by Defendant, unless future unlawful acts and infringement of this nature are permanently enjoined by this Court.

## RELIEF REQUESTED

**WHEREFORE**, Ooze respectfully requests that this Court enter a judgment in its favor and against Defendant, and award Ooze relief as follows:

A.　Entering judgment in Ooze's favor and against Defendant, finding Defendant in violation of all counts of the Complaint;

B.　Entering judgment that, in all instances, Defendant acted in bad faith, willfully, intentionally, and/or in malicious disregard of Ooze's lawfully protected rights;

C.　Permanently enjoining Defendant, its affiliates, subsidiaries, parents, and their respective officers, agents, servants, attorneys, and employees, and all persons in active concert or participation with them, and mandating that Defendant forever cease and desist and refrain from, anywhere in the world:

　　i.　Directly or indirectly importing, manufacturing, distributing, advertising, promoting, making, purchasing, offering for sale, or selling any products, using the OOZE Trademark or any element of the OOZE Trade Dress;

　　ii.　Committing any acts calculated to cause purchasers to believe that the products are sold under the control or supervision of Ooze when they are not;

　　iii.　In any way infringing or damaging the OOZE Trademark or OOZE Trade Dress;

　　iv.　Importing, shipping, delivering, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Ooze to be

sold or offered for sale in the United States bearing the OOZE Trademark or the OOZE Trade Dress;

      v.      Otherwise unfairly competing with Ooze in any manner;

      vi.      Attempting, causing, or assisting any of the above-described acts, including, but not limited to, enabling others to conduct the scheme described above, or by passing along information to others to allow them to import, manufacture, distribute, advertise, promote, make, purchase, offer for sale, or sell products, including, but not limited to, using the OOZE Trademark or OOZE Trade Dress; and

      vii.      Forming or causing to be formed any corporation, partnership, or other entity that engages in any of the conduct described above.

D.      Ordering Defendant to recall from distribution and surrender for destruction all products, order forms, price lists, labels, advertisements, brochures, catalogs, packaging materials and other materials incorporating or imitating the OOZE Trademark or the OOZE Trade Dress

E.      Ordering Defendant to pay damages as follows:

      i.      Awarding Ooze damages to the full extent provided by 15 U.S.C. § 1117 in an amount as yet to be determined;

      ii.      Awarding Ooze damages to the full extent provided by Texas state common law in an amount as yet to be determined;

      iii.      Awarding Ooze the costs of this action and its reasonable attorneys' fees;

iv. Awarding Ooze prejudgment interest on each of the foregoing monetary awards;

v. Awarding such other and further relief as this Court deems just and proper.

>Respectfully Submitted,
>
>/s/ *William D. Cramer*
>WILLIAM D. CRAMER
>Attorney in Charge
>Texas Bar No. 00790527
>SDTex Bar No. 2608833
>BCramer@ClarkHill.com
>Clark Hill PLC
>901 Main Street, Suite 6000
>Dallas, Texas 75202
>Telephone: (214) 651-2038
>Facsimile: (214) 659-4070
>
>ERNESTO ALVAREZ, JR.
>Of Counsel
>Texas Bar No. 24100117
>SDTex Bar No. 3425348
>EAlvarez@ClarkHill.com
>Clark Hill PLC
>909 Fannin Street, Suite 2300
>Houston, Texas 77010
>Telephone: (713) 951-5600
>Facsimile: (713) 951-5660
>
>Attorneys for Plaintiff
>ASHH Inc., d/b/a Ooze Wholesale