IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ASHH, INC. D/B/A OOZE WHOLESALE | § § § | |
| Plaintiff, | § § | |
| V. | § § | CASE: 4:21-cv-02949 |
| URZ TRENDZ LLC | § § § | |
| Defendant. | § § | |

### DEFENDANT URZ TRENDZ LLC'S ORIGINAL ANSWER TO PLAINTIFF'S COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Defendant, URZ TRENDZ LLC ("Defendant") and files its *Original Answer to Plaintiff's Complaint* (the "Complaint") and would respectfully show unto the Court the following:

### I.

### Admissions and Denials

1. Defendant admits the allegations in Paragraph 1 of the Complaint.

2. Defendant admits the allegations in Paragraph 2 of the Complaint.

3. Defendant denies that it has committed any act or omission that would subject the Defendant to liability under any federal statute and thus denies that any claims arise under any statute that would create subject matter jurisdiction. Defendant admits that, if any claims do arise under the Lanham Act, then this Court would have subject matter jurisdiction.

4. Defendant admits Paragraph 4 of the Complaint.

5. Defendant denies that any events occurred giving rise to any of the claims of the Plaintiff but admit the allegations in Paragraph 5 of the Complaint that such events, if they occurred, would support venue in this Court.

6. Defendant lacks knowledge sufficient to admit or deny the allegations in Paragraph 6 of the Complaint

7. Defendant lacks knowledge sufficient to admit or deny the allegations in paragraph 7 of the Complaint.

8. Defendant lacks knowledge sufficient to admit or deny the allegations in paragraph 8 of the Complaint.

9. Defendant lacks knowledge sufficient to admit or deny the allegations in paragraph 9 of the Complaint.

10. Defendant is without adequate information to admit or deny the allegations in paragraph 10 of the Complaint.

11. Defendant is without adequate information to admit or deny the allegations in paragraph 11 of the Complaint.

12. Defendant is without adequate information to admit or deny the allegations in paragraph 12 of the Complaint.

13. Defendant is without adequate information to admit or deny the allegations in Paragraph 13 of the Complaint.

14. Defendant is without adequate information to admit or deny the allegations in Paragraph 14 of the Complaint.

15. Defendant is without adequate information to admit or deny the allegations in Paragraph 15 of the Complaint.

16. Defendant is without adequate information to admit or deny the allegations in Paragraph 16 of the Complaint.

17. Defendant is without adequate information to admit or deny the allegations in Paragraph 17 of the Complaint.

18. Defendant is without adequate information to admit or deny the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint that Defendant is using OOZE IP and admits that it has not obtained any authorizations from Plaintiff.

26. Defendant is without adequate information to admit or deny the allegations in Paragraph 26 of the Complaint.

27. Defendant is without adequate information to admit or deny the allegations in Paragraph 27 of the Complaint as to any "fears" of Plaintiff. Defendant denies there is any confusion with or any damage to Plaintiff's brand product value, goodwill, or IP value.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. Defendant denies the allegations in paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant admits Plaintiff is reasserting foregoing paragraphs the allegations in Paragraph 35 of the Complaint. Defendant reasserts its answers to those paragraphs.

36. Defendant is without adequate information to admit or deny the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant denies the allegations in paragraph 41 of the Complaint.

42. Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in paragraph 45 of the Original Complaint.

46. Defendant denies the allegations in paragraph 46 of the Original Complaint.

47. Defendant denies the allegations in paragraph 47 of the Original Complaint.

48. Defendant admits Plaintiff has realleged paragraphs in paragraph 48 of the Original Complaint. Defendant realleges its answers to those paragraphs.

49. Defendant is without adequate information to admit or deny the allegations in Paragraph 49 of the Complaint.

50. Defendant denies the allegations in paragraph 50 of the Original Complaint.

51. Defendant denies the allegations in paragraph 51 of the Original Complaint.

52. Defendant denies the allegations in paragraph 52 of the Original Complaint.

53. Defendant denies the allegations in paragraph 53 of the Original Complaint.

54. Defendant denies the allegations in paragraph 54 of the Original Complaint.

55. Defendant denies the allegations in paragraph 55 of the Original Complaint.

56. Defendant denies the allegations in paragraph 56 of the Original Complaint.

57. Defendant admits Plaintiff has realleged paragraphs in paragraph 57 of the Original Complaint. Defendant realleges its answers to those paragraphs.

58. Defendant is without adequate information to admit or deny the allegations in Paragraph 58 of the Complaint.

59. Defendant denies the allegations in paragraph 59 of the Original Complaint.

60. Defendant denies the allegations in paragraph 60 of the Original Complaint.

61. Defendant denies the allegations in paragraph 61 of the Original Complaint.

62. Defendant denies the allegations in paragraph 62 of the Original Complaint.

63. Defendant denies the allegations in paragraph 63 of the Original Complaint.

64. Defendant denies the allegations in paragraph 64 of the Original Complaint.

65. Defendant denies the allegations in paragraph 65 of the Original Complaint.

66. Defendant denies that Plaintiff is entitled to the relief requested in the Relief Requested section of the Complaint and denies any of the allegations in support of the Relief Requested.

## II.

## Affirmative Defenses

67. Defendant asserts the defense of waiver.

68. Defendant asserts the defense of estoppel.

69. Defendant asserts the defense of implied license.

70. Defendant asserts the defense of good faith intent.

71. Defendant asserts the affirmative defenses of descriptive and nominative fair use.

72. Defendant asserts the defense of forfeiture and abandonment.

73. Defendant asserts the affirmative defense of unclean hands.

74. Defendant asserts the defense that the damages sought by Plaintiff are unconstitutionally excessive.

**Prayer**

WHEREFORE, Defendant prays that the Court render judgment in its favor on all claims of the Plaintiff, that Defendant be discharged with its costs and attorneys' fees, and for such other and further relief, both general and special, at law and in equity, to which Defendant may be justly entitled.

Dated: October 12, 2021

Respectfully submitted,

**LAW OFFICES OF KEVIN MICHAEL MADDEN, P.L.L.C.**

By: /s/ *Kevin M. Madden*
Kevin M. Madden
State Bar No. 24041376
5225 Katy Freeway, Suite 520
Houston, Texas 77007
Phone: 281-888-9681
Fax:    832-538-0937
Email : kmm@kmaddenlaw.com
***COUNSEL FOR DEFENDANT
URZ TRENDZ LLC***

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on October 12, 2021.

William D. Cramer                                                    Via: E-Filing Texas
Attorney in Charge
Texas Bar No. 00790527
SDTex Bar No. 2608833
BCramer@ClarkHill.com
Clark Hill PLC
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 651-2038
Facsimile: (214) 659-4070
ERNESTO ALVAREZ, JR.                                Via: E-Filing Texas
Of Counsel
Texas Bar No. 24100117
SDTex Bar No. 3425348
EAlvarez@ClarkHill.com
Clark Hill PLC
909 Fannin Street, Suite 2300
Houston, Texas 77010
Telephone: (713) 951-5600
Facsimile: (713) 951-5660

***ATTORNEYS FOR PLAINTIFF***
***ASHH INC., D/B/A OOZE WHOLESALE***

                                                                                                 /s/ *Kevin M. Madden*
                                                                                                Kevin M. Madden