THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ASHH Inc., § | | |
| Plaintiff § | | Case No. 4:21cv2949 |
| § | | |
| v. § | | (Jury Demand) |
| § | | |
| URZ Trendz LLC, § | | |
| Defendant § | | |

### Plaintiff's Motion to Compel Discovery Responses

Pursuant to FED. R. CIV. P. 37(a)(1), Plaintiff ASHH Inc. ("Ooze") files this Motion to Compel Discovery Responses from Defendant URZ Trendz LLC ("URZ") and shows as follows:

### 1   Nature and Stage of the Proceeding

This case involves Ooze's allegations against URZ of infringement of Ooze's registered trademark and unfair competition relating to Ooze trade dress. More particularly, Ooze alleges that URZ has, without authorization by Ooze, sold products bearing the Ooze trademark and trade dress. Under the present Scheduling/Docket Control Order (ECF No. 12), discovery must be completed by November 2, 2022.

### 2   Issue to Be Decided

The issues before the Court are:

1. Whether Ooze is entitled to the discovery it requested and URZ has, to date, refused to produce.

2. Whether Ooze is entitled to recovery of its attorney fees expended in obtaining an order requiring URZ to produce the discovery it has thus far refused to produce.

## 3  Summary of the Argument

Notwithstanding entry of an agreed-upon protective order which provides for both confidential and attorney-eyes-only levels of confidentiality, URZ has repeatedly and without legal or factual justification refused to produce relevant information relating to the sale of products bearing the Ooze trademarks and trade dress. Such refusal is a violation of the Federal Rules of Civil Procedure and justifies an order from this Court requiring URZ to produce the requested information without further delay and with payment of Ooze's costs expended in obtaining this relief.

## 4  Legal Standard

Under FED. R. CIV. P. 37(3)(B) authorizes a motion to compel a discovery response as follows:

> A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
> (i) a deponent fails to answer a question asked under Rule 30 or 31;
> (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);
> (iii) a party fails to answer an interrogatory submitted under Rule 33; or
> (iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.

Further, if the Court grants the motion to compel, or if the discovery is provided after the motion is filed, FED. R. CIV. P. 37(5)(A) requires the Court to order the payment of reasonable expenses incurred in bringing the motion.

## 5    Argument

### 5.1    Timeline of the Dispute

On January 4, 2022, in advance of service of discovery, Ooze[1] contacted URZ regarding electronic service of discovery and proposing entry of a multi-tiered protective order. Decl. Cramer ¶5 (Exhibit 1[2]). The following day, URZ responded, consenting to service by email and indicating that URZ's counsel was "reviewing the proposed order and will let you know by Thursday of any comments or changes." Decl. Cramer ¶6. The same day, Ooze served URZ with its First Set of Interrogatories and its First Set of Requests for Production. Decl. Cramer ¶7. Notwithstanding URZ's promise to review the proposed protective order and provide comments, URZ failed to provide any comments, and instead, 30 days later URZ requested an extension of the discovery response date, which was granted. Decl. Cramer ¶8.

On February 8, 2022, URZ served its responses, which amounted to little more than boilerplate objections. Decl. Cramer ¶9. More particularly, URZ objected to Interrogatories 2 and 3 as follows:

> Interrogatory No. 2: Identify each Business Entity from whom You purchased a FLY FRESH Battery.
> Response/Objection: Defendant objects that the information requested is privileged and confidential and ***documents are being withheld based on this objection subject to the entry of an agreed protective order.*** Defendant further objects that the documents sought are outside the scope of discovery because they are not relevant and constitute fishing expedition nor are they reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case. Defendant further objects that the request is overly broad and unduly burdensome and outside the scope permitted by Rule 26(b)(1).

---

[1] All communication between Ooze and URZ occurred between lead counsel for Ooze, lead counsel for URZ, and the legal assistant of counsel for URZ. This Motion will simply refer to such communications as between Ooze and URZ.
[2] All relevant documents are attached to Decl. Cramer (Exhibit 1).

Interrogatory No. 3: Identify each Business Entity to whom You sold a FLY FRESH Battery.

Response/Objection: Defendant objects that the information requested is privileged and confidential and ***documents are being withheld based on this objection subject to the entry of an agreed protective order***. Defendant further objects that the documents sought are outside the scope of discovery because they are not relevant and constitute fishing expedition nor are they reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case. Defendant further objects that the request is overly broad and unduly burdensome and outside the scope permitted by Rule 26(b)(1).

(emphasis added). Similarly, URZ objected to Requests for Production 1 and 2 as follows:

1. Any Document evidencing a Sale of a FLY FRESH Battery by a Third Party to You.

Response/Objection: Defendant objects that the information requested is privileged and confidential and ***documents are being withheld based on this objection subject to the entry of an agreed protective order***. Defendant further objects that the documents sought are outside the scope of discovery because they are not relevant and constitute fishing expedition nor are they reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case. Defendant further objects that the request is overly broad and unduly burdensome and outside the scope permitted by Rule 26(b)(1).

2. Any Document evidencing a Sale of a FLY FRESH Battery by You to a Third Party.

Response/Objection: Defendant objects that the information requested is privileged and confidential and ***documents are being withheld based on this objection subject to the entry of an agreed protective order***. Defendant further objects that the documents sought are not relevant and constitute a fishing expedition nor are they reasonably calculated to lead to the discovery of admissible evidence and not proportional to the needs of the case. Defendant further objects that the request is overly broad and unduly burdensome and outside the scope permitted by Rule 26(b)(1).

(emphasis added).

On February 8, 2022, after review of URZ's objections and its failure to provide any documents, Ooze reminded URZ of the draft protective order that had been

provided to URZ over a month earlier; in response, URZ provided a single three-page non-confidential document which purported to be in response to Request 5 along with a note indicating that the draft protective order was under review. Decl. Cramer ¶10. Ooze again reminded URZ of the draft protective order on February 14, 2022, and finally, on February 22, 2022, URZ agreed to the draft protective order <u>without any changes</u>. Decl. Cramer ¶11. Ooze submitted the agreed protective order the next morning and the Court entered the order (ECF No. 14) later that day. Decl. Cramer ¶12.

After waiting for production of the documents which had been withheld pending entry of an agreed protective order, after two weeks, and despite the entry of the agreed protective order, URZ had failed to produce any confidential documents, and Ooze again reached out to ascertain the status of the production of documents. Decl. Cramer ¶13.The following day, URZ produced the same three-page non-confidential document it had previously produced along with another three single-page non-confidential documents. *Id*. The following day, March 10, 2022, Ooze requested an explanation from URZ why it had failed to produce any confidential documents in response to Requests 1 and 2. Decl. Cramer ¶14. On March 11, 2022, URZ proposed a conference call to discuss the issue. After some amount of scheduling and rescheduling, on March 21, 2022, counsel for Ooze and URZ conducted a meet-and-confer conference to discuss URZ's failure to respond to Interrogatories 2 and 3 and Requests 1 and 2; during the course of that conference, URZ promised a response the following day. Decl. Cramer ¶15. However, notwithstanding URZ's representation that a response would be forthcoming, and notwithstanding attempts by Ooze to ascertain the status of the

discovery three additional times, URZ has to date wholly failed to produce any additional discovery responses or even to respond to Ooze's emails. Decl. Cramer ¶16.

## 5.2   Relevance of the Discovery Requests

The discovery requested by Ooze is clearly relevant to its causes of action. First, Interrogatory 1 seeks the identity of the business entities from whom URZ purchased the allegedly infringing products; this is relevant because it may lead to the source of the allegedly infringing products, whom Ooze may either seek to add as a defendant in this case or else sue in a separate case. Likewise, Interrogatory 2 seeks the identity of the business entities to whom URZ has sold the allegedly infringing products; because URZ is in the wholesale business, business entities purchasing the allegedly infringing products are also <u>reselling</u> the products, making those entities subject to legal action by Ooze.

Requests 1 and 2 seeks documents evidencing the purchase and resale of allegedly infringing products by URZ; these requests are relevant not only to identify additional defendants but also to identify the amount of damages incurred by Ooze through URZ's unauthorized use of the Ooze trademark and trade dress (*e.g.,* the number of units sold, URZ's net profit, and Ooze's lost profit).

## 6   Request for Relief

Because (a) URZ has wholly failed to respond to the requested discovery, (b) the requested discovery is clearly relevant to the claims and defenses of the present lawsuit, and (c) there is an agreed protective order in place to secure the confidentiality of all discovery responses, URZ is without excuse for its refusal to respond to Ooze's

discovery requests. Therefore, Ooze respectfully requests that the Court issue an order requiring that:

1. URZ provide thorough and unequivocal answers to Interrogatories 2 and 3 within one week of the entry of the order.

2. URZ provide all documents responsive to Requests 1 and 2 within one week of the entry of the order.

3. URZ pay the reasonable costs and attorney fees expended by Ooze for all matters relating to serving its discovery requests subsequent to service of the requests themselves.

4. The Court grant Ooze whatever additional relief the Court deems appropriate.

.

                Respectfully submitted,

                /s/ *William D. Cramer*
                William D. Cramer
                Attorney in Charge
                Texas Bar No. 00790527
                SDTex Bar No. 2608833
                BCramer@ClarkHill.com
                Clark Hill PLC
                901 Main Street, Suite 6000
                Dallas, Texas 75202
                Telephone: (214) 651-2038
                Facsimile: (214) 659-4070

Ernesto Alvarez, Jr.
Of Counsel
Texas Bar No. 24100117
SDTex Bar No. 3425348
EAlvarez@ClarkHill.com
Clark Hill PLC
909 Fannin Street, Suite 2300
Houston, Texas 77010
Telephone: (713) 951-5600
Facsimile: (713) 951-5660

Attorneys for Plaintiff ASHH Inc.

## Certificate of Service

I certify that on this day, I served or caused to be served the foregoing through the Court's ECF system, providing service to all parties registered for this case.

| | |
|---|---|
| /s/ William D. Cramer | March 29, 2022 |
| William D. Cramer | Date |

## Certificate of Conference

I certify that, as detailed *supra*, I personally conferred with counsel for URZ, Kevin Madden, including a telephonic conference on March 21, 2022 and numerous emails before and after March 21, 2022, in an attempt to resolve this dispute without intervention by the Court. The dispute remains unresolved.

| | |
|---|---|
| /s/ William D. Cramer | March 29, 2022 |
| William D. Cramer | Date |